UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 5:16-cv-278-JMH-REW |
| v. | ) | |
| | ) | |
| MICRO CAP KY INSURANCE | ) | **MEMORANDUM OPINION & ORDER** |
| COMPANY, INC., | ) | |
| | ) | |
| Respondent. | ) | |

\* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | Civil Case No. |
| | ) | 5:16-cv-279-JMH-REW |
| v. | ) | |
| | ) | |
| CAVALLO NERO INSURANCE, INC., | ) | **MEMORANDUM OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

\* \* \* \* \* \* \*

## I.  Introduction

This matter is before the Court upon the Recommended Disposition of United States Magistrate Judge Robert E. Wier [DE 26].[1]  Petitioner having filed an Objection [DE 27] to the Recommended Disposition, and Respondents having failed to submit a Response within the allotted time period, this matter is now

---

[1] Most of the documents discussed in this opinion appear in the record of both of the above-captioned cases.  However, for the sake of simplicity, all citations to the record will correspond to the earlier case, *United States of America v. Micro Cap KY Insurance Company, Inc.*, Civ. A. No. 5:16-278.

1

ripe for the Court's review.  For the reasons stated herein, Judge
Wier's Recommended Disposition is hereby **ADOPTED IN FULL** and the
United States' Objection is hereby **OVERRULED**.

## II.  Factual and Procedural Background

Dr. Michael J. Crowe and Dr. Artis P. Truett are co-owners of
Owensboro Dermatology Associates, PSC and Dermatology Property
Management, LLC (collectively, "the Dermatology businesses"). [DE
10-1 at 3-4].  In 2008, Drs. Crowe and Truett established Beveled
Edge Insurance Company "as a captive insurance company providing
direct property and casualty insurance policies to [the
Dermatology businesses] to cover risks of the business
supplemental to those covered by their commercial policies."[2]
[*Id.*].  They jointly operated Beveled Edge for three years, then
decided to dissolve it and establish their own captive insurance
companies to insure their respective portions of the
aforementioned business risks.  [*Id.*].

Drs. Crowe and Truett sought advice from attorneys at Moore
Ingram Johnson & Steele, LLP ("MIJS"), who assisted them in forming
Micro Cap KY Insurance Company, Inc. and Cavallo Nero Insurance,
Inc. (collectively, "Respondents").  [*Id.* at 12-13].  Respondents
were organized as C corporations and elected tax treatment as
Section 831(b) captive insurance companies.  [*Id.* at 4].  MIJS

---

[2] Once Beveled Edge's surplus grew to a certain point, Drs. Crowe and Truett
planned to replace their commercial insurance policies with Beveled Edge
policies.  [DE 10-1 at 3-4].

Captive Management, LLC, a subsidiary of MIJS, currently manages Respondents under the terms of two Captive Management Agreements. [*Id.*; DE 10-9].

In 2014, the Internal Revenue Service ("IRS") began auditing Beveled Edge, as well as the Dermatology businesses. [DE 10-1 at 3-4]. The IRS later initiated an investigation into Respondents' income tax liabilities for the taxable years ending on December 31, 2012, December 31, 2013, and December 31, 2014. [DE 1, p. 2, § 4; DE 1-1]. As part of this inquiry, Internal Revenue Agent Thuy Luu issued an IRS summons to Respondents, directing them to produce several categories of documents for examination.[3] [*Id.*].

Respondents produced all documents identified in the summons, except for a series of email communications exchanged by Dr. Crowe, Dr. Truett, and MISJ attorneys.[4] [*Id.*]. Respondents insisted that they should not be required to disclose these emails because they were subject to attorney-client privilege. [DE 10-1 at 13]. Petitioner, the United States, acting on behalf of the IRS, then initiated this action in an effort to secure full compliance with the summons.[5] [DE 1].

---

[3] Agent Luu is assigned to the Small Business/Self-Employed Division of the IRS. [DE 1-1 at 2].

[4] Brenda Clayton, who provided accounting services to the Dermatology businesses, was also included in some of these email threads. [DE 10-1 at 13].

[5] Initially, the scope of the Petition was unclear. Although the IRS summons sought the disclosure of all documents identified in the IRS summons, Respondents stated that they had provided the bulk of those documents, reserving only those that they thought were subject attorney-client privilege. [DE 1, 10 at 13]. Thus, the United States seemed to request the disclosure of the potentially privileged documents, as well as the re-disclosure of all other

Once the United States filed its Petition to Enforce IRS Summons [DE 1], the Court referred the matter to Judge Wier [DE 3] for the preparation of a recommended disposition. Judge Wier scheduled a Show Cause Hearing, at which counsel for Respondents tendered privilege logs to the Court and the United States. [DE 21]. Although Judge Wier permitted the United States to file a Response to the tendered privilege logs, and also allowed Respondents to submit a Reply thereto, he ultimately found it necessary to conduct an *in camera* review of the documents at issue. [*Id.*; DE 24].

After reviewing these documents, Judge Wier issued his Recommended Disposition, in which he concluded that further summons enforcement was inappropriate. [DE 26]. Judge Wier found that Respondents had properly invoked the attorney-client privilege, as each document "predominately involve[d] legal advice within the retention of [] counsel."[6] [*Id.* at 2]. Judge Wier also rejected the United States' argument that each Respondent had waived its attorney-client privilege by allowing the information

---

documents identified in the summons. The United States later clarified that it simply sought to obtain the allegedly privileged documents. [DE 24].

[6] In issuing his Recommended Disposition, Judge Wier stated that he was "operat[ing] under the express assumption that Respondents have produced all documents responsive to the subpoenas except those expressly listed on the privilege logs." [DE 26 at 2]. Moreover, he assumed that the "email attachments referenced and included within the production (e.g., completed forms, claim settlement papers, consent documents, etc.) not marked as privileged were, in fact produced." [*Id.*]. The United States did not indicate otherwise in its Objections, and thus, the Court proceeds under the same assumption in ruling on those Objections.

at issue to be shared with the principal of the other Respondent, reasoning that Drs. Crowe and Truett "jointly retained the law firm for the purposes of captive formation, management and compliance" and had a "clear commonality of interests." [*Id.* at 3]. The United States then filed the Objection presently before the Court.

## II.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), a district court judge may refer dispositive matters to a magistrate judge for the preparation of a report and recommendation.  The magistrate judge must conduct the necessary proceedings and enter a recommended disposition in a timely manner. Fed. R. Civ. P. 72(b)(1).  If a party files objections to that recommended disposition, the district court judge must review the contested portions *de novo* and "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(c).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-38 (E.D. Mich. 2004).  At the same time, many circuits have held that "arguments not made before a magistrate

judge are normally waived." *See, e.g., United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). Although the Sixth Circuit has not squarely addressed this issue, it has "indicated that a party's failure to raise an argument before the magistrate judge constitutes a waiver." *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 n. 2 (6th Cir. 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)).

In this case, the United States argues, for the first time, that Respondents have waived their attorney-client privilege by filing a Petition against the Commissioner of Internal Revenue in the United States Tax Court. Specifically, Respondents, who are styled as Petitioners in that proceeding, placed their attorney-client communications at issue in that case by asserting in their Petition that they "relied solely on the advice of counsel for all positions taken on the income tax returns for the 2012, 2013 and 2014 tax years." The United States acknowledges that its argument is untimely, but insists, without elaboration, that "exceptional circumstances exist because of the timing of the current proceedings and those of the Tax Court case." [DE 27 at 10].

The record reflects that Respondents filed their Petition in the Tax Court on September 9, 2016, more than a month before the parties began to litigate the sufficiency of the privilege log and the necessity of *in camera* review in this case. Although Respondents' initial Petition in the Tax Court clearly articulates

a "reasonable cause" defense, the United States insists that it was unable to raise the waiver argument in this Court until it filed its Objection to Judge Wier's Recommended Disposition on February 22, 2017. The United States fails to explain *why* this was so. After all, the United States does not suggest that it was unaware of the Tax Court proceeding,[7] and the "reasonable cause" defense was certainly raised at the outset of that case. Because it appears that the United States could, and should, have raised this issue before Judge Wier, the Court finds that its argument is waived. However, even if the Court were to consider the United States' argument on the merits, it would fail, for reasons stated below.

It is true that use of the "reasonable cause" defense may result in a waiver of the attorney-client privilege in a variety of proceedings, including those before the Tax Court. *See Ad Investment 2000 Fund, LLC v. C.I.R.*, 142 T.C. 248, 254-55 (2014) (finding that, "[i]f petitioners persist" in their reasonable cause defense, "it would be unfair to deprive respondent of knowledge of the contents of the opinions and the opportunity to put those opinions into evidence"); *see also New Phoenix Sunrise Corp. v. C.I.R.*, 408 F. App'x 908, 919-20 (6th Cir. 2010)

---

[7] Such an argument would be difficult to maintain, as the same parties are essentially involved in both cases. After all, the United States is proceeding against Respondents on behalf of the IRS in this case, and Respondents are proceeding against the IRS Commissioner in the Tax Court case.

(concluding that "[t]he tax court correctly held that [petitioner] had voluntarily waived its privilege by raising a reasonable cause defense premised on acclaim of reasonable reliance on the [law firm's] tax opinion").

That being said, the assertion of the "reasonable cause" defense in a pleading does not lead to the automatic disclosure of privileged documents. *Ad Investment 2000*, 142 T.C. at 258-59. It merely gives the Commissioner grounds to compel the production of documents subject to the attorney-client privilege. *Id.; see also* Tax Court Rules 70, 72. Even when such a motion to compel is well-taken, case law suggests that disclosure may not result. For example, in *Ad Investment 2000*, the Tax Court found that the petitioners had waived their attorney-client privilege by putting protected communications at issue, and ordered the petitioners to produce the privileged documents. *Id.* However, the Tax Court simultaneously indicated that the petitioners could still protect their documents from disclosure by abandoning their "reasonable cause" defense.[8] *Id.* (stating that, if the petitioners "persist, they sacrifice the privilege to withhold the contents of the opinions").

By raising the "reasonable cause" defense in their Petition, Respondents gave the Commissioner grounds to request that the Tax

---

[8] Specifically, the Tax Court stated that, if the petitioners failed to produce those documents, it would prohibit them from relying on any evidence in support of their reasonable cause defense. *Id.*

Court compel production of documents subject to the attorney-client privilege. The Commissioner has not yet made such a request, and even if he had, case law indicates that production does not necessarily follow.[9] Thus, the United States essentially asks the Court to order the disclosure of privileged material based on what it believes *will* happen in another forum. Given the early stage of the Tax Court litigation, this Court hesitates to rely too heavily on the United States' predictions. If Respondents persist in asserting the "reasonable cause" defense, then disclosure of privileged documents may later result in that forum. However, this is a strategic decision that must be made by Respondents. This Court does not wish to force their hand by ordering the disclosure of documents that are otherwise privileged. Thus, the United States' argument fails on the merits.

## IV. Conclusion

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1)   The Recommended Disposition [DE 26] is hereby **ADOPTED IN FULL** as the findings of fact and conclusions of law of the Court;

---

[9] The record of the Tax Court proceeding is available online. *See* United States Tax Court, https://www.ustaxcourt.gov/UstcDockInq/DocketDisplay.aspx?DocketNo=16019825 (last visited Mar. 27, 2017).

(2)  The  United  States'  Objection  [DE  27]  is  hereby **OVERRULED**; and

(3)  The parties shall file a Joint Status Report, indicating whether any issues remain in this case, **within ten (10) days of the date of entry of this Order.**

This the 27th day of March, 2017.



**Signed By:**

**_Joseph M. Hood_**

**Senior U.S. District Judge**